**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Leeanne Cattles, Domingo Perez, Ignatio Anaya, and
Guillermo Castellanos, Defendants,

Of whom Leeanne Cattles is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2020-001428

─────────────

Appeal From Orangeburg County
Anne Gue Jones, Family Court Judge

─────────────

Unpublished Opinion No. 2021-UP-435
Submitted November 10, 2021 – Filed December 3, 2021

─────────────

**AFFIRMED IN PART, REVERSED IN PART**

─────────────

Melinda Inman Butler, of The Butler Law Firm, of
Union, for Appellant.

Scarlet Bell Moore, of Greenville, for Respondent.

Jerrod Austin Anderson, of Anderson Law Office, P.A., of Orangeburg, for the Guardian ad Litem.

———————

**PER CURIAM:**  Leeanne Cattles (Mother) appeals an order of the family court concerning eight of her nine children.  On appeal, Mother argues the family court erred by (1) finding educational neglect; (2) approving a permanency plan of "another planned permanent living arrangement (APPLA)" for C.A., termination of parental rights (TPR) and adoption for W and C.P., non-relative placement for S.A. and A, and relative placement for S.P., K, and D; and (3) allowing the Department of Social Services (DSS) to forgo reasonable efforts to reunite the children with Mother.  We affirm in part and reverse in part.

1. We find a preponderance of the evidence supports the family court's finding of educational neglect.  *See Lewis v. Lewis*, 392 S.C. 381, 384, 709 S.E.2d 650, 651 (2011) ("In appeals from the family court, the appellate court has jurisdiction to find facts in accordance with its view of the preponderance of the evidence." (quoting *Eason v. Eason*, 384 S.C. 473, 479, 682 S.E.2d 804, 807 (2009))).  At the merits hearing, the family court took judicial notice of the May 9, 2019 contempt order in which the family court found Mother willfully violated the previously issued compulsory school attendance orders for her children.  Additionally, Mother conceded her focus on ensuring her older children attended school caused her to neglect her responsibility to ensure her younger children—who were eleven, eight, and six years old at the time of the contempt hearing—also attended school. Because this evidence shows that Mother "voluntarily and intentionally" failed to comply with the compulsory school attendance orders, we find a preponderance of the evidence indicates Mother "refus[ed] to cooperate" with the school's efforts to bring about the children's attendance.  *See State v. Passmore*, 363 S.C. 568, 571, 611 S.E.2d 273, 275 (Ct. App. 2005). (stating that a finding of contempt results from an act done "voluntarily and intentionally"); S.C. Code Ann. § 63-7-20(6)(a)(iii) (Supp. 2020) ("[A] child's absences from school may not be considered abuse or neglect unless the school has made efforts to bring about the child's attendance, and those efforts were unsuccessful because of the parents' refusal to cooperate.").  Accordingly, we affirm the family court's finding that Mother engaged in educational neglect.

2. We find the family court erred by approving a permanency plan of APPLA for C.A.  *See Lewis*, 392 S.C. at 384, 709 S.E.2d at 651 ("In appeals from the family court, the appellate court has jurisdiction to find facts in accordance with its view of the preponderance of the evidence." (quoting *Eason*, 384 S.C. at 479, 682

S.E.2d at 807)).  The family court's final order indicates it failed to identify a compelling reason for approval of the plan or why reunification, relative placement, and TPR and adoption were not in C.A.'s best interest.  *See* S.C. Code Ann. § 63-7-1700(C)(2) (Supp. 2020) ("If the court approves a plan of another planned permanent living arrangement (APPLA), the court must find compelling reasons for approval of the plan, including compelling reasons why reunification with the parents, custody, or guardianship with a fit and willing relative, or termination of parental rights and adoption is not in the best interest . . . .").  Additionally, the transcript of the merits hearing shows the family court failed to ask C.A. about her wishes as to her placement plan.  *See id.* ("At each hearing in which the court approves or renews APPLA for a child over the age of sixteen, the court must ask the child about the child's wishes as to the placement plan.").  Thus, we reverse the family court's approval of a permanent plan of APPLA for C.A.

Additionally, we find Mother failed to show the family court erred by approving permanency plans of non-relative placement for S.A. and A, TPR and adoption for W and C.P., and relative placement for S.P., K, and D.  *See Lewis*, 392 S.C. at 384, 709 S.E.2d at 651 ("In appeals from the family court, the appellate court has jurisdiction to find facts in accordance with its view of the preponderance of the evidence." (quoting *Eason*, 384 S.C. at 479, 682 S.E.2d at 807)); *Ex parte Morris*, 367 S.C. 56, 62, 624 S.E.2d 649, 652 (2006) ("[T]he appellate court's broad scope of review does not relieve the appellant of the burden of showing that the family court committed error.").

3. Because the family court erred by approving a permanency plan of APPLA for C.A., we find that a preponderance of the evidence does not support the family court's grant of DSS's request to forgo reasonable efforts to reunify Mother and C.A.  *See Lewis*, 392 S.C. at 384, 709 S.E.2d at 651 ("In appeals from the family court, the appellate court has jurisdiction to find facts in accordance with its view of the preponderance of the evidence." (quoting *Eason*, 384 S.C. at 479, 682 S.E.2d at 807)); S.C. Code Ann. § 63-7-1640(C)(8) (Supp. 2020) ("The family court may authorize [DSS] to . . . [forgo] reasonable efforts . . . when . . . implementation of reasonable efforts . . . is inconsistent with the permanent plan for the child.").  Thus, we reverse the family court's authorization of DSS's request to forgo reasonable efforts to reunify Mother and C.A.

As to Mother's seven other children, we find that the family court did not err by granting DSS's request to forgo reasonable efforts.  *See Lewis*, 392 S.C. at 384, 709 S.E.2d at 651 ("In appeals from the family court, the appellate court has jurisdiction to find facts in accordance with its view of the preponderance of the

evidence." (quoting *Eason*, 384 S.C. at 479, 682 S.E.2d at 807)).  Rather, we find a preponderance of the evidence showed that implementation of reasonable efforts would be inconsistent with the properly approved permanency plans of non-relative placement, relative placement, and TPR and adoption because each of the plans involve a grant of permanent custody to a third party. *See* § 63-7-1640(C)(8) ("The family court may authorize [DSS] to . . . [forgo] reasonable efforts . . . when . . . implementation of reasonable efforts . . . is inconsistent with the permanent plan for the child.").  Moreover, we hold that a preponderance of the evidence—including the prior finding of willful contempt against Mother, Mother's testimony conceding she was unable to ensure the children attended school, and the fact that five of the seven children will reside in Texas pursuant to their permanency plans—showed that forgoing reasonable efforts for reunification was in the best interests of the children.  *See* S.C. Code Ann. § 63-7-1640(F) (Supp. 2020) ("If the court authorizes [DSS] to . . . [forgo] reasonable efforts to . . . reunify a family, the court must make specific written findings in support of its conclusion that . . . [implementation] of reasonable efforts is not in the best interest of the child.").

**AFFIRMED IN PART, REVERSED IN PART.**[1]

**LOCKEMY, C.J., and WILLIAMS and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.